GEORGE P. BEMIS, APPELLANT, V. GEORGE T. M. DAVIS, APPELLEE.

**Creditor's Bill.** In 1864, certain real estate in the city of Omaha was purchased by the wife of T., the consideration therefor paid with her own money, and the title thereto taken in her name. She afterwards conveyed to D., in trust for her children. In 1876, one B. commenced an action by attachment against T., and caused the real estate in question to be levied upon as belonging to him. Afterwards judgment was rendered against T., the property sold as his, and a sheriff's deed therefor made to B., who thereupon commenced an action against D. to quiet the title and for a decree that the property, when the attachment was levied, in fact belonged to T. *Held,* That T. had no interest in the property liable for his debts, and the action was properly dismissed.

APPEAL from Douglas county. Heard below before SAVAGE, J.

*Redick & Redick,* for appellant.

*George W. Ambrose,* for appellee.

BY THE COURT.

This is an action in the nature of a creditor's bill to have certain real estate in the city of Omaha, held in trust by the defendant, declared the property of George Francis Train and liable for his debts. A decree was rendered in the court below dismissing the action. The plaintiff appeals to this court.

It appears from the record that in the year 1864 the real estate in question was conveyed by one Patrick to the wife of Train, and that afterwards she conveyed it to the defendant, who is her father, in trust for her children. In 1876, the plaintiff commenced an action by attachment in the district court of Douglas county against George Francis Train to recover the sum of $47,660.68, for services as private secretary for a series of years, and caused the land in question to be levied upon under the attachment. In October, 1876, a judgment was rendered by default for the sum claimed and costs, and the land in question ordered sold. A sale was thereafter had, and the property purchased by the plaintiff. The sale was confirmed and a deed made to him. The only question necessary to be considered is, by whom was the consideration for the land paid. Upon this point Henry C. Crane testified as follows: "I have known the defendant and his daughter, Mrs. W. D. Train, for the last fifteen years. In 1864, in the month of October, I find on examination of Mrs. Train's account that I paid Mr. Patrick for her account one thousand dollars for some land bought in Omaha, Nebraska. The fund from which I paid this thousand dollars was her in-

dividual money, and to my personal knowledge was made by her in stock operations, the accounts of which were kept by me, and the proceeds of which speculation I held subject to her individual control, and paid it out upon her order or by her direction." This testimony is not denied and it is conclusive upon the question of her good faith in making the purchase, and that she paid for the land in question with her own money. Even if it appeared that the funds belonged to the husband, the purchase would not be void, except as to creditors then existing, and but a small portion of the plaintiff's claim existed at that time; but from the fact that it appears beyond question that the consideration was paid by the wife out of her own funds, it is unnecessary to consider the second question. It is very clear that justice has been done, and the decree is affirmed.

DECREE AFFIRMED.